UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Ellen Glowacki,<br>Plaintiff<br><br>v.<br><br>LAW OFFICES OF HOWARD LEE SCHIFF, PC<br><br>Defendant(s) | Civil Action No. 13-11306-RGS |

**ANSWER TO COMPLAINT**

Now comes the Defendant, LAW OFFICES HOWARD LEE SCHIFF, P.C., improperly named as the Law Offices of Howard Lee Schiff, P.C. (hereinafter "Schiff Law Offices" ) with its Answers and Defenses to the Plaintiff, Ellen Glowacki's (hereinafter "Plaintiff") Complaint.

**I.   FACTS**

1. Schiff Law Offices has no reason to believe that the Plaintiff does not reside at the address she states that she resides at.

2. Schiff Law Offices is a Professional Corporation incorporated in the State of Connecticut with its principal place of business at 510 Tolland Street, P.O. Box 280245, East Hartford, CT 06128 and it has an office located in Massachusetts at 25 Southbridge Street, Building 2, Suite 2, Auburn, MA 01501. Schiff Law Offices states that in the instant matter, it fully complied with the "FDCPA", as well as all other state laws regulating this area of practice, such as 940 CMR 7.00, G.L. c. 93, § 49, G.L. c. 93A.

3. Schiff Law Offices admits that it sent the Plaintiff a letter dated April 6, 2013, denies the Plaintiff's characterization of the letter and further states that the letter speaks for its.

4.      Schiff Law Offices admits that it sent the Plaintiff a letter dated April 6, 2013 , denies the Plaintiff's characterization of the letter and further states that the letter speaks for its.

5.      Schiff Law Offices admits that it sent the Plaintiff a letter dated April 6, 2013 , denies the Plaintiff's characterization of the letter and further states that the letter speaks for its.

6.      Schiff Law Offices admits that it sent the Plaintiff a letter dated April 6, 2013 , denies the Plaintiff's characterization of the letter and further states that the letter speaks for its.

7.      Schiff Law Offices admits that it sent the Plaintiff a letter dated April 6, 2013 , denies the Plaintiff's characterization of the letter and further states that the letter speaks for its.

8.      Schiff Law Offices admits that it sent the Plaintiff a letter dated April 6, 2013 , denies the Plaintiff's characterization of the letter and further states that the letter speaks for its.

9.      Schiff Law Offices admits that it sent the Plaintiff a letter dated April 6, 2013 , denies the Plaintiff's characterization of the letter and further states that the letter speaks for its.

10.     Schiff Law Offices admits that it sent the Plaintiff a letter dated April 6, 2013 , denies the Plaintiff's characterization of the letter and further states that the letter speaks for its.

11.     Schiff Law Offices admits that it sent the Plaintiff a letter dated April 6, 2013 , denies the Plaintiff's characterization of the letter and further states that the letter speaks for its.

12,     Schiff Law Offices is sometimes a debt collector as defined by the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. 1692, et seq., G.L. c. 93, sec. 49 and 940 CMR 7.00 et seq.

13.     Schiff Law Offices admits that it received a letter dated April 25, 2012 from the Plaintiff disputing the debt and requesting validation of the debt.

14.     Schiff Law Offices admits that the Plaintiff had included this request in her letter dated April 25, 2013, but denies that it had a legal requirement to provide the Plaintiff with any specifically requested information.

15. Schiff Law Offices admits that it received the April 25, 2012 letter on or around April 30, 2013.

16. Schiff Law Offices admits that in accordance with state and federal law it took no collection activity on the subject debt between the time period of receiving the April 25, 2012 letter and the date that it provided the Plaintiff with validation of the debt in November 2012.

17. Schiff Law Offices admits that Michael Colman is a legal assistant with its office and that his name appears on the November 9, 2012 letter.

18. Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove that Schiff Law Offices failed to comply with both state and federal law in providing the Plaintiff with validation of the debt. Moreover, Schiff Law Offices specially calls upon the Plaintiff to show the precise section of the state and federal law which requires that Schiff Law Offices has a legal requirement to respond to any specific question asked by the Plaintiff.

19. Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove that Schiff Law Offices failed to comply with both state and federal law in providing the Plaintiff with validation of the debt. Moreover, Schiff Law Offices specially calls upon the Plaintiff to show the precise section of the state and federal law which requires that Schiff Law Offices has a legal requirement to respond to any specific question asked by the Plaintiff.

20. Schiff Law Offices lacks sufficient information or knowledge to either admit or deny the allegations contained herein and calls upon the Plaintiff to prove the same during the course of these proceedings

21. Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove that Schiff Law Offices failed to comply with both state and federal law in providing the Plaintiff with validation of the debt. Moreover, Schiff Law Offices specially calls upon the Plaintiff to show the precise section of the state and federal law which requires that Schiff Law Offices has a legal requirement to respond to any specific question asked by the Plaintiff.

22.     Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove that Schiff Law Offices failed to comply with both state and federal law in providing the Plaintiff with validation of the debt. Moreover, Schiff Law Offices specially calls upon the Plaintiff to show the precise section of the state and federal law which requires that Schiff Law Offices has a legal requirement to respond to any specific question asked by the Plaintiff.

23.     Schiff Law Offices lacks sufficient information to either admit or deny these allegations and therefore calls upon the Plaintiff to prove the relevance this statement during the course of these proceedings.

24.     Schiff Law Offices admits that it commenced litigation on behalf of its client in the Nantucket District Court on or around December 17, 2012.

25.     Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

## COUNT ONE
### (FDCPA, MFDCPA; 940 CM 7.00

26.     Schiff Law Offices repeats and incorporates every answer contained in the foregoing paragraphs.

27.     Schiff Law Offices is sometimes a debt collector as defined by the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. 1692, et seq., G.L. c. 93, sec. 49 and 940 CMR 7.00 et seq.

28.     Schiff Law Offices lacks sufficient information or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same at the time of trial.

29.     Schiff Law Offices lacks sufficient information or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same at the time of trial.

30.     Schiff Law Offices lacks sufficient information or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same at the time of trial.

31.     Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during

the course of these proceedings.

32. Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

33. Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

34. Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

35. Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

36(a-f). Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

37. Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

38. Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

39(a-d). Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

40 (a-b). Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

41. Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

42. Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

43.     Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

44.     Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

45.     Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

**COUNT TWO**
**(G.L. c. 93, sec 49)**

46.     Schiff Law Offices repeats and incorporates every answer contained in the foregoing paragraphs.

47.     Schiff Law Offices lacks sufficient information or knowledge to either admit or deny the allegations set forth in this paragraph and calls upon the Plaintiff to prove the same during the course of these proceedings.

48.     Schiff Law Offices is sometimes a debt collector and engaged in commerce as defined by G.L. c.93, sec. 49, but denies that it is a creditor.

49.     Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

50.     Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

51.     Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

52.     Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

53.     Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

54. Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

55. Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

56. Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

57. Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

58. Schiff Law Offices denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings

## AFFIRMATIVE DEFENSE

### First Defense

The Plaintiff has failed to state a claim upon which relief may be granted and Plaintiff improperly named the Defendant in this lawsuit.

### Second Defense

Schiff Law Offices has complied with federal and state law concerning the collection of consumer debt and therefore this claim is barred.

### Third Defense

If the Plaintiff suffered any damage or injury, which Schiff Law Offices denies then the same is the result of her own act or omission.

### Fourth Defense

The Plaintiff's claim is barred by the doctrine of unclean hands.

### Fifth Defense

The Plaintiff's claims are barred by the intentional misrepresentation of the material facts regarding any collection efforts made by the Plaintiff to Schiff Law Offices and any claim that Schiff Law Offices violated the Fair Debt Collection Practice Act.

### Sixth Defense

The Plaintiff's damages, if any, where caused by the acts or omission of the Plaintiff or a third party for which Schiff Law Offices has no supervision or control over.

### Seventh Defense

Schiff Law Offices asserts that any violation, if found by this court, was not intentional and as a result of a bona fide error.

### Eighth Defense

Schiff Law Offices reserves the right to assert such other available affirmative defense that may be available pursuant to Rule 11, Rule 8(c), and 12(b) of the Federal Rules of Civil Procedure as may be revealed through disclosure and discovery in this matter.

### Ninth Defense

Schiff Law Offices asserts that Plaintiff, individually, and by and through her counsel, if they continue to prosecute or to further this litigation, or fail to immediately dismiss this lawsuit, will be in violation of 28 U.S.C. sec 1927, and will be liable for Defendant's attorney fees and costs for multiplying the proceedings in this case unreasonably and vexatiously, and in asserting claims contrary to the clear and well established law.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, Schiff Law Offices prays:

1. That the plaintiff recover no damages, attorney's or costs;

2. That this Court make a finding that this action was brought in bad faith and for the purpose of harassment by the plaintiff's counsel entitling defendant to an award of attorney's fees reasonable in relation to the work expended and costs, as provided under 15 U.S.C. §1692k(a)(3);

3. That this Court enter an award of sanctions against plaintiff and plaintiff's counsel pursuant to Fed. R. Civ. P. 11; and

4. For such other and further relief as this Court may deem just and proper.

DEFENDANT, LAW OFFICES HOWARD LEE SCHIFF PC

/S/ *Karen Wisniowski*
Karen Wisniowski  BB0#633018
Law Offices Howard Lee Schiff PC
25 Southbridge Street
Building 2, Suite 2
Auburn, MA 01501
Telephone (866)234-7606
Fax (508)753-0260
kwisniowski@hlschiffpc.com

Dated: October 15, 2013

**CERTIFICATION OF SERVICE**

I state on information and believe that the court will transmit a Notice of Electronic Filing relative to this document electronically to the persons and parties listed below as being served electronically and that such transmittal will, pursuant to Electronic Filing Rule 9(a), constitutes service hereof on such persons and parties listed below as being served by mail by mailing to the indicated address.

**Persons Served Electronically:**

**James Ranney, jamie@nantucketlaw.pro**

/s/ *Karen J. Wisniowski*
Karen J. Wisniowski